

FILED
CLERK, U.S. DISTRICT COURT
FEB - 4 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COELER DBA P.A.C. PROPERTIES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SALOMON MORALES,<br>AND DOES 1 THROUGH 10,<br><br>　　　　　　Defendants. | NO. CV 14-474-UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

　　The Court summarily remands this unlawful detainer action to state court summarily because defendant SALOMON MORALES ("Defendant") removed it improperly.

　　On January 21, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To

prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant's notice of removal only asserts that removal is proper based upon federal question jurisdiction, alleging that the complaint was based on a defective notice under 12 U.S.C. § 5220. (Notice at 4). However, the underlying unlawful detainer action

does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims. See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing Wescom Credit Union v. Dudley, No. CV 10-8203-GAF (SSx), 2010 WL4916578, *2 (C.D. Cal. Nov. 22, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Moreover, "'the existence of a defense based upon federal law is insufficient to support federal-question jurisdiction.'" Hall v. North American Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (quoting Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).

Finally, defendant has not alleged complete diversity of citizenship between the parties and has not established that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000 and the prayer for relief alleges a past due rent of $3,750 and $41.66 per day from November 1, 2013 for each day that defendants remain in possession through entry of judgment. See 28 U.S.C. §§ 1332, 1441(b); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699-701 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)).

Accordingly, the Court lacks subject matter jurisdiction over the instant action and removal of this action is improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 1725 Main Street, Room 232, Santa Monica, California 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/30/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE